UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVELLE SPENCER,<br>   Plaintiff,<br><br>vs.<br><br>WARDEN HAMMER and<br>DENTIST DR. AWABA,<br>   Defendants. | )<br>)<br>)<br>)   No. 20-1026<br>)<br>)<br>)<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, originally filed his complaint in the Southern District of Illinois, but his case was transferred to the Central District of Illinois for the proper venue. *See* January 17, 2020 Order.

Plaintiff claims between April 14, 2018 to May 10, 2018, he was called to the Healthcare Unit to meet with the Defendant Dentist. During his exam, Defendant Dr. Awaba broke one of Plaintiff's teeth in half "marring his smile and appearance."

(Comp, p. 6). Plaintiff further claims the Dentist "attempted covering up his damage by using a cavity filler to make the damaged half tooth whole." (Comp., p. 6). For the purpose of notice pleading, Plaintiff has alleged Defendant Dr. Awaba violated his Eighth Amendment rights.

The Plaintiff has also named Warden Hammer as a Defendant, but he has failed to articulate any claim against the Warden in the body of his complaint. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). In addition, a Defendant cannot be liable under 42 U.S.C. §1983 simply because he was a supervisor. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates).

The Court notes when Plaintiff filed his complaint he provided the Cook County Department of Corrections as his address. [1]. Plaintiff was advised he must notify the Court in writing of any change in that address or his case could be dismissed. [7]. Nonetheless, a recent docket entry sent to the Plaintiff was returned to the Clerk of the Court as undeliverable.

On April 15, 2020, Plaintiff was directed to show good cause on or before April 29, 2020 why his case should not be dismissed for failure to provide a current address. *See* April 15, 2020 Text Order.  Plaintiff has filed nothing further.[1]

The Court will allow Plaintiff one final extension of time to provide the Court with his current address in writing or his case will be dismissed.  Plaintiff must provide his address on or before May 20, 2020.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Dr. Awaba violated his Eighth Amendment rights when he broke one of Plaintiff's teeth in half and incorrectly filled the tooth with cavity filler.  The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Clerk of the Court is directed to dismiss Defendant Warden Hammers for failure to state a claim upon which relief can be granted.

3)  Plaintiff must provide his current address and telephone number in writing on or before May 20, 2020 or this case will be dismissed without prejudice.

---

[1] The Court also notes Plaintiff is not listed as an inmate on the Illinois Department of Corrections website *See* IDOC, Offender Search;  https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx  (last visited May 5, 2020)

ENTERED this 6th day of May, 2020.

                      s/ James E. Shadid
                _____
                        JAMES E. SHADID
                  UNITED STATES DISTRICT JUDGE